IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN JOHNSON, #Y34062, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20−cv−138−DWD |
| ) | |
| ROB JEFFREYS, ) | |
| M. SWALLS, ) | |
| PATTY SNEED ) | |
| J. RAMAGE, ) | |
| LT. STOUT, and ) | |
| LT. G, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kevin Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Shawnee Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vienna Correctional Center ("Vienna"). Plaintiff claims that he was wrongfully convicted on a disciplinary charge.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

1

is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1):  On January 3, 2019, Plaintiff was sentenced to five years of incarceration.  The sentencing judge gave a recommendation of placement in a bootcamp program, and IDOC placed him there on February 27.

On May 15, 2019, Plaintiff was put under investigation on two disciplinary infraction charges—Aiding and Abetting and Electronic Contraband.  He was removed to Vienna, where the disciplinary ticket would be heard.  He was told that if he pled guilty, they would drop one of the charges.  Plaintiff assumed it would be the Electronic Contraband charge. However, upon pleading guilty, it was the Aiding and Abetting charge that was actually dropped.  Plaintiff's disciplinary conviction resulted in him being terminated from the bootcamp program.

Based on the allegations in the Complaint, the Court designates the following Count:

> **Count 1:** Fourteenth Amendment claim for denial of due process

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any claim that is**

**mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under** *Twombly*.[1]

### Discussion

Plaintiff fails to state any cognizable claims under Section 1983. Initially, the Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute—in this case Section 1983 or 28 U.S.C. § 2254—is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Plaintiff is, in part, seeking "credit for days previously served in the program[,] or "time served for the 7 ½ 8 months I've set in prison." (Doc. 1, p. 6). The Court interprets this as a request for the length of his incarceration to be shortened. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that habeas corpus (28 U.S.C. § 2254) is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See also Heck v. Humphrey*, 512 U.S.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

477, 481 (1994). The Court of Appeals for the Seventh Circuit has further explained, "[s]tate prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody." *Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000).

Further, any Section 1983 claim for damages is barred because of the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rule holds that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in [his] favor ... would necessarily imply the invalidity of his conviction or sentence." *Morgan v. Schott*, 914 F.3d 1115, 1117 (7th Cir. 2019). If so, then the complaint must be dismissed unless the conviction or sentence has already been invalidated. *Id.* This was extended to prison disciplinary cases by *Edwards v. Balisok*, 520 U.S. 641 (1997).

Finally, Plaintiff cannot sustain a claim because a prisoner does not have a constitutionally protected interest in participating in the boot camp program. Prisoners do not have protectable liberty interests in assignment to a particular prison. *Holleman v. Zatecky*, 951 F.3d 873, 881 (7th Cir. 2020). *See also Taylor v. Edgar*, 52 F. App'x 825, 826 (7th Cir. 2002) (holding that an Illinois prisoner had no liberty interest in a minimum-security or work-release placement, and due process was therefore not an issue). The fact that the sentencing judge found Plaintiff eligible for placement in a program does not create a protectable interest which triggers due process protections. Plaintiff himself

characterizes Defendants as "illegally depriving [him] of the privil[e]ge to serve in the program," and "privilege" is the correct term for it.

### Disposition

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim. Should Plaintiff wish to proceed with his case, he shall file a First Amended Complaint **on or before June 25, 2021**. It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 20-138. Plaintiff's Motions for Status (Docs. 17 and 20) are **MOOT**.

The amended complaint should conform to the designation of claims into the Counts enumerated by the Court in this Order. Plaintiff shall identify by name or Doe designation, each Defendant alleged to be liable under each Count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it

shall be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after completion of the § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 26, 2021**

_____
**DAVID W. DUGAN**
**United States District Judge**